IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GABRIEL SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01101-O-BP |
| | § | |
| GLOBAL LENDING SERVICES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Global Lending Services LLC's Motion to Dismiss and Memorandum of Law (ECF No. 5), Plaintiff Gabriel Sanchez's Amended Response (ECF No. 18) and Defendant Global Lending Services LLC's Reply in Support of its Motion to Dismiss and Memorandum of Law (ECF No. 19). This case was automatically referred to the undersigned under Special Order 3 on October 27, 2023. ECF No. 3. After considering the pleadings and applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** Plaintiff's claims, but with leave to file an amended complaint that addresses the deficiencies in the pleadings noted below.

**I.    BACKGROUND**

On June 7, 2023, Plaintiff Gabriel Sanchez ("Sanchez") filed a state court action against Defendant Global Lending Services ("Global") in the Justice Court of Precinct Five, Tarrant County, Texas. ECF No. 1-3. In this suit, Sanchez alleges that on May 16, 2023, he received his Equifax consumer report and "noticed an unauthorized inquiry" from Global. *Id*. at 3. Sanchez states that he "did not give [Global] permission to access [his] credit profile" and that Global "has

no permissible purpose by law to contact third parties with [his] private or personal information." *Id*.

Sanchez then argues that Global's inquiry gave rise to a variety of legal violations largely relating to identity theft and the Fair Credit Reporting Act ("FCRA"). First, Sanchez asserts that Global committed aggravated identity theft under 18 U.S.C. § 1028A. *Id*. at 3-4. Second, he argues that Global violated 15 U.S.C. § 1681b(a)(3)(f)(i) in obtaining his Equifax consumer report on April 9, 2022 without his "permission, or without a permissible purpose by law.…" Third, Sanchez states that he "does not have an 'account' as defined under 15 U.S.C. [§] 1693a(2) with [Global] for review or collection." *Id*. at 4. Fourth, Sanchez alleges that Global violated § 1681n(a), though he quoted § 1681q. Global interprets Sanchez as bringing claims under both  § 1681(n)(a) and § 1681(q) (*id*.), and the Court construes the petition likewise.

Sanchez also briefly references "Mental Anguish," "Negligent Noncompliance," and "Civil Liability." ECF No. 1-3 at 5. Sanchez seeks $7,000 in damages, "a Court Order for the CEO [of Global to] be sentenced to a term of imprisonment of 2 years" for aggravated identity theft, and "civil liability." *Id*. As explained in more detail below, the Court construes Sanchez's references to "civil liability" as seeking recovery for an invasion of privacy tort, specifically, intrusion upon seclusion.

Sanchez served Global with the petition on October 17, 2023, and Global removed the case to this Court on October 27, 2023. ECF No. 1 at 2; ECF No. 1-3 at 34. On November 3, 2023, Global moved to dismiss Sanchez's petition for failure to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6). ECF No. 5 at 1.

In the Motion, Global argues that "[Sanchez] has the burden of pleading facts sufficient to establish his right to belief beyond a 'speculative level'" and that "Federal Rule of Civil Procedure

8 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id*. at 2 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Global asserts that Sanchez failed to meet these standards as to his FCRA claim under § 1681b because he "concludes [Global] had no permissible purpose and that he has no account with [Global]" without stating "any facts to establish [that Global] had no permissible purpose to obtain a copy of his credit report on April 9, 2022." *Id*. at 4. Global also argues that "a user of a credit report," including Global, "need only have a 'reasonable belief' that it has a permissible purpose for obtaining it," though it cites only out-of-circuit precedent for this assertion, and it argues that Sanchez did not plead "[that Global] had no reasonable belief it had a permissible purpose to obtain or use the consumer credit report." *Id*. at 4-7.

In the Motion, Global also argues that Sanchez failed to adequately plead that Global possessed the requisite mental state to be held liable for damages under §§ 1681n, 1681q, and 1681o. ECF No. 5 at 7-8. Global notes that Sanchez did not adequately plead that it acted willfully, as required by § 1681n's reference to a willful failure "to comply with any requirement imposed under this subchapter" and § 1681q's reference to "willfully obtain[ing] information on a consumer from a consumer reporting agency under false pretenses." ECF No. 5 at 7-8; § 1681n, § 1681q. Second, Global construes Sanchez's phrase, "Negligent Non-Compliance," as a possible reference to § 1681o and argues that "[Sanchez] fails to allege any facts that [Global] negligently obtained his credit report without a permissible purpose." *Id*. at 8; *see also* § 1681o(a) ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer…"). Finally, Global argues that Sanchez failed to plead facts demonstrating that it acted "knowingly," as required by a reference in § 1681n to obtaining a consumer report from an agency "knowingly without a permissible purpose" and a reference in

3

§ 1681q to "knowingly and willfully obtain[ing] information on a consumer from a consumer reporting agency under false pretenses." ECF No. 5 at 9.

In his Amended Response to the Motion, Sanchez makes a variety of points relevant to the FCRA. ECF No. 18. Specifically, he extensively quotes a Consumer Financial Protection Bureau ("CFPB") advisory opinion on the FCRA's goal of protecting the confidentiality of, and reducing the improper use of, credit information (ECF No. 18 at 3-5; 12 C.F.R § 1022 (2022) (Fair Credit Reporting; Permissible Purposes for Furnishing, Using, and Obtaining Consumer Reports)), and asserts that Global violated his privacy by accessing his report (ECF No. 18 at 6). Sanchez also cites cases brought by the Federal Trade Commission and CFPB in which defendants lacked a permissible purpose for accessing credit reports. ECF No. 18 at 6-8. However, Sanchez provides no additional facts demonstrating that Global lacked a permissible purpose for accessing his credit report and no facts describing Global's mental state when doing so.

Additionally, Sanchez also asserts that Global needed to submit documentation to Equifax certifying its legitimate purpose for accessing the report. ECF No. 18 at 5-6; *see also* 15 U.S.C. § 1681b(f); 15 U.S.C. § 1681e(a). In reply, Global argues that this is simply a compliance requirement and that in any case, Sanchez cannot raise this argument in a response without pleading it in his petition. ECF No. 19 at 6. Global is correct on this point, and the Court cannot consider this alleged violation since Sanchez did not assert it in his petition. *See Saucedo-Falls v. Kunkle*, 299 F. App'x 315, 324 (5th Cir. 2008).

## II.   LEGAL AUTHORITIES

### A.   *Pro Se* Standard

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . .

to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

      **B.**      **Rule 12(b)(6) Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### C.     Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs leave to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id.* at 329. Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged his best case. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III.    ANALYSIS

### A.     Sanchez has not pleaded facts to show, beyond a speculative level, that Global lacked a permissible purpose for accessing his credit report.

Section 1681b addresses "permissible purposes of consumer reports." Under § 1681b(a), "[s]ubject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other …" Most importantly for this case, a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe … (F) otherwise has a legitimate business need for the information—(i) in connection with a business transaction that is initiated by the consumer." § 1681b(a)(3)(F)(i).

A consumer reporting agency may also furnish a consumer report "[t]o a person which it has reason to believe . . . (F) otherwise has a legitimate business need for the information … (ii) to review an account to determine whether the consumer continues to meet the terms of the

account." § 1681b(a)(3)(F)(ii). However, Sanchez concedes he has no account with Global. ECF No. 1-3 at 4. Therefore, the Court focuses on § 1681b(a)(3)(F)(i).

Consumer consent is not required if a consumer reporting agency has another permissible purpose for furnishing a report, such as the purposes outlined in § 1681b(a)(3)(F)(i). "Section 1681b provides that a consumer reporting agency may furnish consumer reports under limited circumstances, one of which is 'in accordance with the written instructions of the consumer to whom it relates.'" *Alessandro-Roberto v. Experian Information Solutions Inc.*, No. 3:23-cv-0130-D, 2023 WL 6462860 at *5 (N.D. Tex. Oct. 2, 2023) (quoting 15 U.S.C. § 1681b(a)(2)). "But the statute does not require a consumer's written consent in all instances. For example, written consent is not required if a credit report is obtained for a 'permissible purpose' set forth in § 1681(b)(a)(3)." *Id*. Therefore, the fact that Sanchez did not agree to allow Global access to his credit information is not determinative.

Moreover, § 1681b(a)(3)(F)(i) applies to consumer reporting agencies, but Sanchez does not argue that Global is such an agency. A consumer reporting agency is statutorily defined as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). The Court has previously found that plaintiffs fail to state a claim under this provision when they do not allege that the defendant is a consumer reporting agency. *See Crain v. Credit Protection Ass'n*, No. 3:09-CV-2353-D, 2010 WL 2976127, at *2 (N.D. Tex. June 30, 2010) (Plaintiff "does not contend that Defendant is a consumer reporting agency as defined in 1681a(f). Plaintiff has therefore failed to state a claim against Defendant under the FCRA for

furnishing information."). As in *Crain*, Sanchez does not allege that Global is a consumer reporting agency.

However, consumer reporting agencies furnishing reports are not the only entities that can be held liable under the FCRA, which also "prohibits a person from using or obtaining a consumer report without a permissible purpose." *Henderson v. MLSC Holdings, L.P.* No. 3:15-CV-03260-N, 2016 WL 11474101, at *3 (N.D. Tex. June 15, 2016) (citing § 1681b(f)). "The permissible purposes for obtaining a consumer report are set out in section 1861b of the FCRA." *Id*. Section 1681b(f) "expressly makes the permissible purposes set out in § 1681b(a) applicable to users of credit reports and provides a means to impose liability for using or obtaining a consumer report in violation of the FCRA." *Crain*, 2020 WL 2976127 at *3 (internal citations and quotations omitted). But even liberally construing Sanchez's petition under § 1681b(f) instead of § 1681b(a), it still does not plausibly plead facts to show that Global, as a user of consumer reports, lacked a permissible purpose for accessing the report.

The Fifth Circuit straightforwardly applies the plausibility pleading standards from *Twombly* in similar cases under the FCRA. *See Norman v. Northland Group Inc.*, 495 F. App'x 425, 426 (5th Cir. 2012); *see also Davis v. Schwab*, No. 4:12–CV–740–A, 2013 WL 704332, at *1-2 (N.D. Tex. Feb. 26, 2013). Even assuming that Global is a credit reporting agency for the purposes of this statute, or that Sanchez brings a claim under §1681b(f) rather than § 1681b(a), he "has not alleged any facts that would permit the court to draw the reasonable inference that" Global "furnished his credit report for a purpose that was not 'permissible' under the statute." *Alessandro-Roberto*, 2023 WL 6462860 at *5. "In other words, he has not plausibly alleged that information was shared under circumstances that would require his express consent." *Id*. Without such essential facts, Sanchez cannot move forward on his petition. *Crain*, 2010 WL 2976127 at *3 (citing *Iqbal*,

556 U.S. at 678 and *Twombly*, 550 U.S. at 555) ("Although Plaintiff essentially claims that Defendant did not have a legitimate business need to obtain his credit information, he has not pled any facts to support this allegation. This failure is fatal to Plaintiff's claim against Defendant under *Iqbal*.").

### B. Sanchez has not adequately pleaded that Global possessed the requisite mental state to be liable for damages under §§ 1681n(a) and 1681o.

"To assert a violation of the FCRA, a plaintiff must allege (1) that there was a 'consumer report,' (2) that defendant used or obtained the report (3) without a permissible purpose, and (4) that defendant acted negligently or willfully." *Tate v. Dallas Indep. School Dist.*, No. 3:21-CV-0895-B-BH, 2022 WL 272711, at *10 (N.D. Tex. Jan. 10, 2022) (internal citations and quotations omitted). Accordingly, Sanchez needs to plead facts to show that Global acted with the requisite mental state, but he has not done so.

Under § 1681n(a), "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount [as calculated per § 1681n(a)(1-3)]." However, Sanchez has not pleaded facts demonstrating that Global willfully failed to comply with § 1681. As explained above, Sanchez must state facts raising a right to relief above the speculative level that Global lacked a permissible purpose, and he has not done so. *See Twombly*, 550 U.S. at 555. Therefore, Sanchez has not stated a claim sufficient to support the recovery of damages under § 1681n(a).

Section 1681o(a) provides that "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount [as calculated by 15 U.S.C. § 1681o(a)(1-2)]." However, Sanchez has not pleaded facts demonstrating that Global failed to comply with the requirements of § 1681 or that it did so negligently.

Accordingly, Sanchez's case, as currently pleaded, does not support a right to monetary relief under these provisions of the FCRA.

### C. Sanchez cannot bring criminal charges for violation of 18 U.S.C. § 1028A and 15 U.S.C. § 1681q.

Under 18 U.S.C. § 1028A(a)(1), "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." The felony violations enumerated in subsection (c) include "any offense that is a felony violation of" a variety of laws relating to issues ranging from "false statements in connection with the acquisition of a firearm" to "obtaining customer information by false pretenses" under the Gramm-Leach-Bliley Act (15 U.S.C. § 6823). 18 U.S.C. § 1028A(c).

FCRA § 1681q provides that "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both."

Sanchez's reference to these provision of criminal law in his petition fail to state a claim because private citizens generally have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005); *see also Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 53 (2007) (noting a private right of action exists under FCRA §§ 1681n and 1681o but not mentioning any under § 1681q). Sanchez cannot cure this shortcoming by amendment, and any effort to do so would be futile.

### D. Sanchez states no facts showing intrusion upon seclusion under Texas law.

In his petition, Sanchez makes brief reference to "civil liability." ECF No. 1-3 at 5. Based on his subsequent filings, the Court construes this as a reference to a common-law claim for

10

invasion of privacy since Sanchez writes that Global has "trespass[ed] on [his] private information." ECF No. 22 at 4.

"Texas law recognizes multiple forms of invasion of privacy, each with separate elements." *Hunsinger v. 204S6TH LLC*, No. 3:21-CV-2847-G-BH, 2022 WL 1110354, at *6 (N.D. Tex. March 23, 2022) (*citing Crain v. Hearst Corp.*, 878 S.W.2d 577, 579-80 (Tex. 1994)). "There are three distinct injuries under the tort of invasion of privacy: (1) intrusion on seclusion, (2) public disclosure of private facts, and (3) appropriation of name or likeness." *Id.* (internal citations and quotations omitted). "The elements of an intrusion upon seclusion claim are: (1) an intentional intrusion upon a person's solitude, seclusion, or private affairs or concerns, (2) that would be highly offensive to a reasonable person, and (3) as a result of which the person suffered an injury." *Id.* (internal citations and quotations omitted).

Assuming that Global's obtaining Sanchez's credit information constitutes an intentional intrusion upon Sanchez's private affairs, Sanchez has not pleaded facts to explain why this intrusion would be highly offensive to a reasonable person. Therefore, he has not stated a claim for invasion of privacy via intrusion upon seclusion. Nor has Sanchez pleaded facts to show public disclosure of private facts or unlawful appropriation of his name or likeness. Therefore, he has not pleaded facts to state a claim for invasion of privacy under Texas law.

### E. The Court should grant Sanchez leave to amend his petition, but only as to the FCRA and intrusion upon seclusion claims.

Because Sanchez has not stated that he cannot, or is unwilling to, cure the defects that the Court has identified in his petition that relate to the FCRA or to intrusion upon seclusion, Judge O'Connor should grant Sanchez leave to file an amended complaint that addresses the deficiencies in his pleading noted above. *Great Plains Tr. Co.*, 313 F.3d at 329-30.  However, because Sanchez

cannot cure his claim for violations of criminal law under 18 U.S.C. § 1028A and 15 U.S.C. § 1681q, Judge O'Connor should dismiss these claims without leave to amend.

## IV.   CONCLUSION

Sanchez must plead facts raising a right to relief above the speculative level that Global lacked a permissible purpose to access his credit report, but he has not done so. He likewise did not state facts to show that Global acted willfully in requesting his report or tortiously intruded upon his private affairs in a way that would be highly offensive to a reasonable person. Sanchez should be granted leave to replead these claims. But Sanchez should not be granted leave to replead his claim for violation of criminal statutes because he is a private plaintiff rather than a government entity.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Global's Motion (ECF No. 5) but grant Sanchez leave to file an amended complaint addressing the deficiencies noted above on or before twenty-one days after Judge O'Connor rules on these Findings, Conclusions, and Recommendation or such other time set that he sets.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 22, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

13